# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID SHARROCK, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:18CV1751 NCC |
| EILEEN RAMSEY, | ) ) | |
| Respondent. | ) ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

## Background

On June 22, 2007, petitioner pled guilty to sixty-one (61) counts of first-degree statutory sodomy/deviate sexual intercourse with a person less than 14 years old. On that same date, petitioner was sentenced to life in prison on all counts. *See State v. Sharrock*, No. 2106R-00520-01(21st Judicial Circuit, St. Louis County Court). Petitioner did not file a direct appeal of his conviction or sentence. Petitioner also did not file a post-conviction motion to vacate his sentence.

Instead, on April 19, 2018, petitioner filed in his criminal case, a motion asking the State of Missouri to file findings of fact and conclusions of law, as well as a "documented judgment." Petitioner argued that his convictions lacked subject matter jurisdiction, that he was deprived of a right to file a direct appeal, and that he was subjected to double jeopardy. Petitioner further argued

that if he had filed a post-conviction motion to vacate his sentence, the Court would have been predisposed to find against him.

On April 23, 2018, the Court construed petitioner's motion as a Missouri Supreme Court Rule 91 motion for state habeas corpus. The Court found that the motion was procedurally barred from being ruled on because petitioner was not being held within the jurisdiction of St. Louis County. Nevertheless, the Court found that petitioner was not entitled to the relief sought in his motion and denied his petition for writ.

Petitioner placed his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in the prison mailing system on October 9, 2018.

## Discussion

In his application for writ of habeas corpus, petitioner asserts that Missouri's post-conviction remedies are in violation of the First, Fifth and Fourteenth Amendments to the United States Constitutions. He further claims that he was subjected to double jeopardy in his state convictions, and he asserts that "multiple double jeopardy claims tainted all sentences." Last, plaintiff asserts that the State of Missouri failed to pursue "mental health laws based on the charges," and their failure to do so was vindictive.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). In this case, petitioner's conviction became final **ten days after he was sentenced on June 22, 2007. And petitioner's statute of limitations expired one year from that date, on July 1, 2008.** Thus, petitioner's application for writ of habeas corpus to this Court is more than ten years late.

As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 18th day of October, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE