UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID SHARROCK, | ) |
| Petitioner, | ) |
| v. | ) No. 4:18CV1751 NCC |
| EILEEN RAMSEY, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the record. On October 18, 2018, the Court ordered petitioner to show cause why his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Petitioner has failed to respond to the Court's Memorandum and Order. Because the petition is barred by § 2254's one-year limitations period, the Court will dismiss this action pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases.

**Background**

On June 22, 2007, petitioner pled guilty to sixty-one (61) counts of first-degree statutory sodomy/deviate sexual intercourse with a person less than 14 years old. On that same date, petitioner was sentenced to life in prison on all counts. *See State v. Sharrock*, No. 2106R-00520-01(21st Judicial Circuit, St. Louis County Court). Petitioner did not file a direct appeal of his conviction or sentence. Petitioner also did not file a post-conviction motion to vacate his sentence.

Instead, on April 19, 2018, petitioner filed in his criminal case, a motion asking the State of Missouri to file findings of fact and conclusions of law, as well as a "documented judgment." Petitioner argued that his convictions lacked subject matter jurisdiction, that he was deprived of a right to file a direct appeal, and that he was subjected to double jeopardy. Petitioner further argued that if he had filed a post-conviction motion to vacate his sentence, the Court would have been predisposed to find against him.

On April 23, 2018, the Court construed petitioner's motion as a Missouri Supreme Court Rule 91 motion for state habeas corpus. The Court found that the motion was procedurally barred from being ruled on because petitioner was not being held within the jurisdiction of St. Louis County. Nevertheless, the Court found that petitioner was not entitled to the relief sought in his motion and denied his petition for writ.

Petitioner placed his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in the prison mailing system on October 9, 2018.

**Discussion**

In his application for writ of habeas corpus, petitioner asserts that Missouri's post-conviction remedies are in violation of the First, Fifth and Fourteenth Amendments to the United States Constitutions. He further claims that he was subjected to double jeopardy in his state convictions, and he asserts that "multiple double jeopardy claims tainted all sentences." Last, plaintiff asserts that the State of Missouri failed to pursue "mental health laws based on the charges," and their failure to do so was vindictive.

Under 28 U.S.C. § 2244(d)(1) a one-year period of limitation applies to a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. The period runs from the date on which the judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(a).

A Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). In this case, petitioner's conviction became final **ten days after he was sentenced on June 22, 2007. And petitioner's statute of limitations expired one year from that date, on July 1, 2008.** Thus, petitioner's application for writ of habeas corpus to this Court is more than ten years late. As such, petitioner's application for writ of habeas corpus is time-barred and subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus [Doc. #1] is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 29th day of November, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE